UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **LOUIS BRITT GUILLORY, ET AL.** | : | **DOCKET NO. 03-0882** |
| **VS.** | : | **JUDGE TRIMBLE** |
| **PPG INDUSTRIES, INC., ET AL.** | : | **MAGISTRATE JUDGE WILSON** |

## ORDER

Before the court is The Hartford's Motion for Leave to File Petition of Intervention. [doc. # 69]. The Hartford is the workers' compensation insurer for plaintiff, Louis Brett Guillory's employer, H.B. Zachary Construction Corporation. (Petition of Intervention, ¶ III). The Hartford seeks to recover disability benefits and medical expenses that it was required to expend on behalf of Guillory due to the negligence of ABC Insurance Company and PPG Industries, Inc. *Id.* at ¶¶ IV-V.[1] The Hartford seeks to intervene as a plaintiff. *Id.* at ¶ 5; M/Leave to Intervene, Preamble.[2] As such, an independent jurisdictional basis for the intervention is required. *See*, 28 U.S.C. § 1367(b); *Hunt Tool Co. v. Moore, Inc.* 212 F.2d 685, 688 (5th Cir. 1954)(addressing pre-§ 1367, ancillary jurisdiction); *Development Finance Corp. v. Alpha Housing & Health Care, Inc.*, 54 F.3d 156 (3rd Cir. 1995); *Dushane, supra*; and *MCI Telecommunications Corp. v. Logan*

---

[1] The allegation in the intervention notwithstanding, no insurance companies were sued by the original plaintiffs.

[2] Ordinarily, a workers' compensation intervenor would be aligned with the plaintiff. *See, Dushane v. Gallagher Kaiser Corp.*, 2005 WL 1959151, Civil Action Number 05-0171 (W.D. La. 8/10/05).

*Group, Inc.*, 848 F.Supp. 86 (N.D. Tex. 1994). If the independent jurisdictional basis is diversity, 28 U.S. C. § 1332, then there must be specific allegations of citizenship and an allegation that the amount in controversy exceeds the jurisdictional minimum.[3]

The court further observes that the motion to intervene does not state whether the parties have any opposition to The Hartford's proposed intervention.[4] For these reasons, the motion for leave to intervene [doc. # 69] is hereby DENIED, without prejudice to the right to re-file a motion with a proposed intervention that addresses these issues.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 4th day of April, 2006.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE

---

[3] In diversity cases involving corporations, "allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation." *Getty Oil, Div. Of Texaco v. Ins. Co. of North America*, 841 F.2d 1254 (5th Cir. 1988); *see also*, *Illinois Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n. 2 (5th Cir.1983) (the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference); *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975)(alleging that defendant is incorporated in a state "other than" that of plaintiff is insufficient). For individual parties, the courts have equated domicile with citizenship. *Mas v. Perry*, 489 F.2d 1396 (5th Cir. 1974).

[4] The motion states that the parties have no opposition to Specialty Risk Services' intervention. (M/Leave to Intervene, ¶ VII).